ALEXANDER D. GRAY, and LEWIS BROWN, Defendants, Respondents.

*vs.*

THE STEAMAOAT REVEILLE; Appelant,

APPEAL FROM THE PIERCE CIRCUIT COURT.

In a special proceeding given by statute, the facts upon which the jurisdiction of the court depends, must affirmatively appear in the complaint.

This was an action or proceeding *in rem* commenced by the respondents against the appellant; under chapter 116 of the Revised Statutes, to recover damages as for alleged injuries, done by the latter to the steamboat H. T. Yeatman, of which last mentioned boat the respondents claim to be owners and possessors. The complaint was filed with the clerk of the Circuit Court for Pierce County, on the 14th day of April, 1857, and is as follows:

"State of Wisconsin, ⎱ ss.
 "Pierce County. ⎰

" Williams H. Boggs, on behalf of Lewis Brown and Alex-
" ander D. Gray, partners, doing business and trade under the
" firm, name, and style of Brown and Gray, complains of the
" steamboat Reveille used in navigating the waters of the State
" of Wisconsin, for that whereas the said steamboat Reveille,
" did, with force and arms, run into the steamboat H. T. Yeat-
" man, a steamboat used in navigating the waters of the State
" of Wisconsin, owned and possessed by the said Lewis Brown
" and Alexander D. Gray, on the eleventh day of April, in
" the year eighteen hundred and fifty-seven, in the Mississippi
" river, in the county of Pierce ; and by so running into the
" said steambeat H. T. Yeatman, did injure and damage her
" to the amount of two thousand dollars by knocking off the
" guard and breaking in the hull of her, the said steamboat

"H. T. Yeatman, and thereby endangering the lives of the "passengers and crew of the said H. T. Yeatman; that the "said demand and damage accrued on the account of the pilot "of said steambeat. The complainant further charges the "pilot and engineer on board and having charge of said "steamboat Reveille as unlicensed, and that the said steam-"boat Reveille is unseaworthy, and has been condemned by "the proper and legal authorities at St Paul, in the Territory "of Minnesota, and the complainant demands a warrant; and "that the said steamboat Reveille may be seized and dealt "with according to law, and claims damages to the amount of "two thousand dollars done to the said steamboat H. T. Yeat-"man, as aforesaid.

"William H. Boggs on behalf of Lewis Brown and "Gray."

To this complaint a *jurat* was attached. The owner of the steamboat Reveille—Calvin Potter—by his attorney, appeared in the cause and moved the court to quash the writ, and dismiss the proceedings for the reasons following, to wit:

1st. Because the complaint and affidavit do not state that the demand and damages accrued by the master, agent, owner or consignee of said steamboat Reveille.

2d. Because the property was not appraised by two disinterested free-holders.

3d. Because the appriesrs were not sworn by the officer to make a true appraisement thereof.

4th. Because there was no appraisement signed by two freeholders and returned with the warrant.

5th. Because there was no inventory made or returned with the warrant.

6th. Because there was no certified copy of the warrant served on the master, agent, owner or consignee, with a notice showing the property levied on.

7th. Because the complaint is not subscribed by either the plaintiff or his attorney.

8th. Because the affidavit is irregular, informal, and void.

9th. Because there was no warrant served on the above named boat as required by law.

10th. Because the sheriff's return to the warrant does not show that it was executed according to law.

This motion was overruled, and from the order overruling the same an appeal was taken to this court.

*By the Court*, COLE J. This Court decided, in the case of the *Steamboat Galena* vs. *Beals*, 4 Wis. R., 91, that in a suit brought under Chap. 116, R. S., to recover damages for the non-performance of a contract of affreightment, it was absolutely essential that the complaint set forth those matters of fact, and contain those allegations, which would show that the case fell fully within the provisions of the statute. The proceeding is a special one, given by statute, and facts which are jurisdictional cannot be presumed, but must affirmatively appear in the complaint. The doctrine of the case just cited is strictly applicable to the questions arising upon this appeal. In the case under review a suit was instituted under Chap. 116 for alleged injuries done by the steamboat Reville to the steamboat H. T. Yeatman, (of which latter boat the respondents are owners,) by a collision on the Mississippi River. But there is no allegation in the complaint that the collision arose from any neglect, default, or culpable misconduct on the part of the officers, or men who had charge of the Reveille. For aught that appears in the complaint, the collision might have been the result of unavoidable accident; the Reveille might have become unmanageable in consequence of the breaking of her machinery, or the crew might have lost control of her from some other cause, or the crew of both boats might have been equally in the wrong; or the collision might have wholly resulted from the gross negligence or want of skill on the part of those who had

charge of the Yeatman. There certainly should be some averment in the complaint that the collision was occasioned by the wilful neglect or design of the parties having charge of the Reveille, without any fault on the part of the crew of the Yeatman. For if the collision was the result of the common fault of both parties, it is manifest no action would lie; and for a stronger reason it is evident that the Reveille could only be liable to respond in damages for the injuries committed, because the party having control of her were inexcusably in the fault.

Considering the complaint radically defective, we think the motion made in the Circuit Court to quash the writ, and dismiss the proceedings, should have been sustained.

The order, therefore, overruling this motion, must be reversed, and the proceedings dismissed.